### JOHN MITTEL ET AL.
### v.
### CITY OF CHICAGO.

1. IMPROVEMENT OF STREETS—SPECIAL BENEFITS.—Special benefits, as a term employed in cases of assessments for improvements, mean benefits which are over and above the general benefit to the public at large.

2. INSTRUCTION AS TO SPECIAL BENEFITS.—An instruction as to such benefits, which states that the question to be determined is, whether the property has been benefited by an improvement, is whether its market value after the improvement is made is greater than it was before, is erroneous, because it does not refer the cause of the increase in value to the making of the improvement.

3. CONDUCT OF JUDGE AT THE TRIAL.—Remarks made by a judge during the progress of a trial, indicating his opinion, or which are calculated to prejudice a party to the suit, are grounds for reversal of the judgment, but in this case the court cannot, from the record, see that any such cause exists.

APPEAL from the Circuit Court of Cook county ; the Hon. ELLIOTT ANTHONY, of the Superior Court, sitting as Circuit Judge, presiding. Opinion filed January 4, 1882.

Mr. GEORGE W. PARKS, for appellant.

Mr. FRANCIS ADAMS, for appellee; that objection to the sufficiency of the notices cannot be made for the first time on appeal, cited French v. Creath, Breese, 31; Miller v. Metzger, 16 Ill. 390; Yocum v. Waynesville, 39 Ill. 220.

Matter in abatement should be insisted on at the earliest possible moment: Bliss v. Harris, 70 Ill. 343; Huftalin v. Misner, 70 Ill. 205; Scott v. White, 71 Ill. 287.

The only issue for the jury, on an application for confirmation of an assessment, is whether the premises are assessed

more than they will be benefited: Mun. Incorp. Law, § 145; Guild v. Chicago, 82 Ill. 472; Fagan v. Chicago, 84 Ill. 227; Bigelow v. Chicago, 90 Ill. 49.

The report of the commissioners, or assesment roll, is *prima facie* evidence in favor of the issues, and casts upon the objectors the burden of proving their objections: Mun. Incorp. Law, § 145; McAuley v. Chicago, 22 Ill. 563; Wright v. Chicago, 48 Ill. 285; Durham v. The People, 67 Ill. 414; Buck v. The People, 78 Ill. 560; Chiniquy v. The People, 78 Ill. 570; Pike v. The People, 84 Ill. 80.

WILSON, P. J. This was an appeal from a judgment of the Circuit Court of Cook county, confirming an assessment made by commissioners appointed by the county court to make an assessment under an ordinance passed by the city council for the improvement, by curbing, grading and paving North avenue, from the west line of North Clark street to the north branch of the Chicago river, the cost of the improvement to be paid by special assessment.

Various objections were urged in the circuit court to the preliminary proceeding: such as that the commissioners did not comply with the statute, by mailing proper notices to the owners of the premises assessed, etc., none of which, however, were tenable.

The 5th instruction given by the court at the request of appellee, was as follows: "The jury are instructed that by special benefits, is meant an increase in value of the premises assessed by reason of the improvement, over and above the general benefit to the public at large; and the question, therefore, in determining whether property has been benefited by an improvement, is whether its market value, after the improvement is made, is greater than it was before the improvement was made."

This instruction is erroneous, in not referring the cause of the increase in value to the making of the improvement. After defining correctly what is meant by a special benefit, as being one which is over and above the general benefit to the public at large, the instruction tells the jury that in deter-

mining whether property has been benefited by an improvement, the question is whether the market value of the property is greater after the improvement was made than it was before the making of the improvement. Its market value after the improvement was made, may have been very much greater than it was before, by reason of the general advance in property, in the city, or from other causes than the making of the improvement. The property may have even been lessened in value by the making of the improvement, and yet have been greater in value after the improvement was made, by reason of causes wholly disconnected from the making of the improvement. The instruction should have confined the increase in value to such as was caused by the making of the improvement.

Objection is made to the action of the court in putting certain questions to the defendant's witnesses, on the ground that the questions were put in a sarcastic and improper manner, and were calculated to prejudice the minds of the jury against the defendant. We cannot say that the questions were improper in substance ; nor are we able to determine by merely reading them, as they appear in the bill of exceptions, what was the tone or manner of the judge in propounding them. Remarks made by a judge during the progress of a trial indicating his opinion as to the weight of evidence introduced, or which are calculated to prejudice a party to the suit, is ground for reversal of the judgment. Deshler v. Beers, 32 Ill. 368. We are not justified in assuming from the mere statement of counsel, that the questions were put in an improper manner.

For the error of the court in giving appellee's fifth instruction, the judgment of the court below is reversed, and the cause remanded for a new trial.

Reversed and remanded.